UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

MARK LYNN BRADLEY,　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　*Plaintiff*,　　　　　　)
　　　　　　　　　　　　　　　　　)　　No.: 2:15-CV-135-JRG-MCLC
v.　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
ESCO JARNIGAN and HAMBLEN　　　　)
COUNTY COMMISSIONERS,　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　*Defendants*.　　　　　　)
　　　　　　　　　　　　　　　　　)

## MEMORANDUM OPINION

On May 18, 2015, this Court entered an order in this *pro se* prisoner's civil rights case, filed under 42 U.S.C. § 1983, which held that plaintiff's complaint failed to state a claim as filed and granted plaintiff leave to amend his complaint to provide specific details as to certain allegations within twenty (20) days of entry of the order [Doc. 6]. In this order, the Court notified plaintiff that unless he amended his complaint within the time period provided, the Court would dismiss his lawsuit for failure to state a claim, failure to prosecute, and failure to comply with the orders of the court, and would assess the filing fee [*Id.*]. Plaintiff has not responded to this order or otherwise communicated with the Court. Accordingly, for the reasons set forth in the Court's order entered May 18, 2015 [Doc. 6] and herein, this action will be **DISMISSED** for failure to state a claim, failure to prosecute, and failure to comply with the orders of the Court.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of plaintiff's inmate trust account at Hamblen County Jail is directed to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Knoxville, Tennessee 37743, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to plaintiff's inmate trust account; or

(b) twenty percent (20%) of the average monthly balance in plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this memorandum and order and accompanying judgment to the Sheriff of the Hamblen County, Tennessee to ensure that the custodian of the plaintiff's inmate trust account at that facility complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of the memorandum and accompanying judgment order to the court's financial deputy.

Finally, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. See Rule 24 of the Federal Rules of Appellate Procedure.

**A SEPARATE JUDGMENT WILL ENTER**.

**E N T E R :**

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
